UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
ANTHONY SOUTHARD,                         :
                                          :   CASE NO. 4:10-CV-0738
         Petitioner,                      :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Doc. No. 1]
J.T. SHARTLE                              :
                                          :
         Respondent.                      :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* petitioner Anthony Southard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Southard brings this action seeking to set aside a sixty month consecutive sentence imposed by this Court. For the foregoing reasons, the Court **DENIES** the petition for a writ of habeas corpus.

**I. Background**

Petitioner Southard was indicted by a federal grand jury on January 7, 2000. *United States v. Southard*, No. 4:00-CR-0007 (N.D. Ohio 2000). He was charged with possession with the intent to distribute crack cocaine and using or carrying firearm during and in relation to drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(i); 28 U.S.C. §§ 841(a)(1) & (b)(1)(b).

On February 1, 2000, he filed a motion to suppress the cocaine obtained during the traffic stop. The Court held a hearing on March 31, 2000, and denied the motion, finding that the seizure

-1-

Case No. 4:10-CV-0738
Gwin, J.

was not excessive under *Terry v. Ohio*, 392 U.S. 1 (1968). After changing his plea to guilty, Southard entered into a plea agreement on April 10, 2000 wherein he reserved the right to appeal the outcome of the suppression hearing. On June 27, 2000, the trial court conducted a sentencing hearing and sentenced the Petitioner to a term of 240 months on Count 1 and a mandatory term of sixty months on Count 2 to run consecutively, for a total of 300 months incarceration.[1]

The Petitioner timely appealed his motion to suppress to the Sixth Circuit Court of Appeals. The Circuit Court denied the appeal and held that: (1) a pat-down search of the defendant did not exceed that permitted during a *Terry* stop, and (2) seizure of a plastic baggie detected during a *Terry* frisk did not exceed the permissible bounds of the "plain touch" doctrine. *See United States v. Southard*, 20 F. App'x 304 (6th Cir. 2001).

On August 2, 2002, Southard moved this Court to vacate his sentence pursuant to 18 U.S.C. § 2255. He argued the Court lacked subject matter jurisdiction over the state traffic issue which, he said, was central to the federal cause of action. *Southard v. United States*, No. 4:02-CV-1519 (N.D. Ohio Aug. 2, 2002). The Petitioner's motion was denied on October 30, 2003. He then moved for relief from the judgment on February 17, 2006, claiming it was void for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. On July 20, 2006, the Court denied Petitioner's motion to vacate this Court's judgment against him on the basis of *res judicata*.

In the present petition, Southard asserts this Court's sentence of June 28, 2000 should be amended to allow his sentence of sixty months to run concurrently with his 240 month sentence. He argues this Court cannot impose a consecutive sentence for his § 924(c)(1)(A) conviction because

---

[1] Count 1 was for violation of 28 U.S.C. §§ 841(a)(1) & (b)(1)(b) and Count 2 was for violation of 18 U.S.C. § 924(c)(1)(A)(i).

Case No. 4:10-CV-0738
Gwin, J.

he was already sentenced to a mandatory minimum sentence under 18 U.S.C. § 841(a). [Doc. 1.]

He states Section 841 explicitly limits the imposition of the mandatory minimum when another provision of the law provides a greater minimum sentence. He cites the following portion of § 924:

> (c)(1)(A) *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Southard correctly notes that the Sixth Circuit recently held that the statute prohibits the imposition of a consecutive sentence under § 924 when a prisoner has already been sentenced to a 20 year mandatory minimum under 21 U.S.C. § 841(a)(1). In *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), the Sixth Circuit held that under the plain language of § 924(c)(1)(A) a district court can only impose one mandatory minimum sentence when a prisoner is charged with two offenses that each carry a mandatory minimum. *See also United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008) (holding that consecutive sentences under § 924(c) violate the plain language of the statute where another sentence bearing a greater mandatory minimum is also imposed). The *Almany* court held that the district court erred when it sentenced defendant to both a five-year mandatory minimum sentence under the firearm statute and a ten-year mandatory minimum sentence under the drug statute. *Almany*, 598 F.3d at 242.

Case No. 4:10-CV-0738
Gwin, J.

Thus, here, Petitioner Southard is correct in saying that he should not have been sentenced consecutively, and that his sixty month sentence under 18 U.S.C. § 924 should run concurrent with his 240 month sentence under 21 U.S.C. § 841. If the Court could reach the merits of Southard's claim it would adjust his sentence accordingly. However, this Court must – with great hesitation – deny Southard's current petition.

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Southard says he is serving a sentence in violation of the laws of the United States and he is attacking the sentence previously imposed by this Court. [Doc. 1.] While this sort of motion generally should be brought as a motion to vacate under 28 U.S.C. § 2255, there are circumstances when such a claim may be pursued under § 2255's "safety valve provision." Under this provision, a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

The Petitioner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 803-04 (6th Cir. 2003). The remedy available under § 2255 is not inadequate or ineffective merely because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second

-4-

Case No. 4:10-CV-0738
Gwin, J.

or successive motion to vacate. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). In the Sixth Circuit, the only basis upon which it has considered a petitioner's remedy inadequate or ineffective to test the legality of his detention is a claim of actual innocence. *See Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1999).

In the current action, it is Petitioner's burden to establish that his remedy is inadequate or ineffective under § 2255 to test the legality of his detention. Southard has not made a showing of actual innocence. He neither argues that he did not commit a crime nor that the acts in which he engaged are no longer criminal. Therefore, Petitioner has failed to establish he is entitled to § 2241 relief through § 2255's safety valve provision.[2] Accordingly, the Court **DENIES** the petition for a writ of habeas corpus.

However, the Court certifies that an appeal from this decision could be taken in good faith and thus issues a certificate of appealability under 28 U.S.C. § 2253(c). Southard's current petition leaves the Court in a procedural bind. As previously noted, the Court believes its earlier sentence wrongly imposed two mandatory minimum sentences. The Court, though, is not able to reach the merits of this petition. The current petition filed under § 2241 must be denied for failure to make a sufficient showing of actual innocence. Further, even if construed as a motion under § 2255, the Court would be unable to reach the merits as a motion to file a second or successive petition must first be filed in the Court of Appeals. *See* 28 U.S.C. § 2244(b). Thus, the Court certifies an appeal, since if the current petition is construed by the Court of Appeals as request to file a second or

---

[2] To the extent Southard sought leave to file an untimely Motion to Vacate pursuant to 28 U.S.C. § 2255, the court declines to construe it as such. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

Case No. 4:10-CV-0738
Gwin, J.
successive motion under § 2255 the petitioner should likely receive relief.[3/]

    IT IS SO ORDERED.


Dated: October 1, 2010                  s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[3/] In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).